JOHN P. LECRONE (State Bar No. 115875)
  johnlecrone@dwt.com
VANDANA KAPUR (State Bar No. 281773)
  vandanakapur@dwt.com
ARIELLE J. SPINNER (State Bar No. 311147)
  ariellespinner@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
PACIFIC OFFICE AUTOMATION, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN CANFIELD, an individual, on behalf of himself and all other aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC OFFICE AUTOMATION, INC., an Oregon corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. '23CV2234 JO    DDL<br><br>**PACIFIC OFFICE AUTOMATION, INC.'S NOTICE OF REMOVAL AND REMOVAL**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Filed concurrently with Declarations of John P. LeCrone and Christopher Miller; Corporate Disclosure Statement; Notice of Parties with Financial Interest; Notice of Related Cases; and Civil Cover Sheet<br><br>State Action Filed: September 25, 2023 |

**TO THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA, AND PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Pacific Office Automation, Inc. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the grounds that: (1) Plaintiff Shawn Canfield ("Plaintiff") is a "citizen of a State different from" Defendant; and (2) the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

## PROCEDURAL BACKGROUND

1. On September 25, 2023, Plaintiff commenced an action against Defendant in the Superior Court of the State of California for the County of San Diego, entitled "SHAWN CANFIELD, an individual, on behalf of himself and all other aggrieved employees, Plaintiff, v. PACIFIC OFFICE AUTOMATION, INC., an Oregon corporation; and DOES 1 through 25, inclusive, Defendants," Case No. 37-2023-00041493-CU-OE-CTL (the "Complaint").

2. On October 16, 2023, Plaintiff emailed to Defendant the following documents, along with a Notice of Acknowledgment of Receipt ("NAR"): Complaint (including Plaintiff's July 19, 2023 letter to the California Labor and Workforce Development Agency, attached as Exhibit 1 to the Complaint); Civil Case Cover Sheet; Summons; Notice of Case Assignment; Alternative Dispute Resolution ("ADR") packet materials; and Notice of Confirmation of Electronic Filing. A true and correct copy of the Complaint is attached hereto as "**Exhibit A**." True and correct copies of the remaining documents are also included with "**Exhibit A**." (Declaration of John P. LeCrone ("LeCrone Decl.") ¶ 5, Ex. A.)

3. On November 6, 2023, Defendant's counsel accepted service of the Complaint by executing the NAR. On December 4, 2023, Defendant timely filed its

DEFENDANT'S NOTICE OF REMOVAL

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Answer to the Complaint, a true and correct copy of which is attached hereto as "**Exhibit B**." (LeCrone Decl., ¶¶ 5-6, Ex. B.)

4.     Plaintiff seeks civil penalties under California's Private Attorneys General Act ("PAGA") for the alleged violation of **30** Labor Code provisions as well as the applicable IWC Wage Orders, and interest and attorneys' fees and costs. (Ex. A at ¶ 1.)  Specifically, Plaintiff alleges that Defendant's non-exempt California employees were not paid for all hours worked or travel time, were denied overtime pay, were not paid minimum wage, were denied compliant meal and rest periods, were not provided with regular paid sick leave or COVID-19 supplemental paid sick leave, received inaccurate wage statements, and were not paid all earned wages in a timely manner during employment and upon termination of employment.

## LEGAL ARGUMENT

**A.     Removal to this District is Proper.**

5.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a).  It is an action in which there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.  Thus, this action is removable pursuant to 28 U.S.C. § 1441(a)-(b).

6.     Because the state court action is pending in the Superior Court of California, County of San Diego, removal of the state court action to this District Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a).

7.     However, Defendant asserts that this case is more appropriately venued in the Central District.  As described in the concurrently filed Notice of Related Cases, on or about July 19, 2023, Plaintiff filed a class action lawsuit against Defendant in the Central District pursuant to the Class Action Fairness Act ("CAFA"), predicated upon the virtually identical alleged wage and hour violations as asserted in the instant Complaint.  *See* Case No. 5:23-cv-01418-JGB-kk, Ex. 1, Dkt. No. 1.  In his class action Complaint, Plaintiff asserts that "at all times relevant" he has been "a resident of the County of Riverside in the State of

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

California," and he works for Defendant "from his home in Temecula and [Defendant's] office in Los Angeles…" *Id.* at ¶¶ 12-13.  This concurrent class action matter is now in the courtroom of Hon. Jesus Bernal.  *Id.* at Dkt. No. 5.

**B.      Removal Is Timely.**

8.      On November 6, 2023, Defendant signed and returned the Notice of Acknowledgment and Receipt of Plaintiff's Complaint, thereby completing service of the Complaint.  (LeCrone Decl., ¶ 5.)  Accordingly, this Notice of Removal is timely filed within the 30-day period set forth in 28 U.S.C. § 1446(b).  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *Chissie v. Winco Foods, LLC*, No. 2:09-CV-02915-MCE-KJM, 2010 WL 580987, at *2 (E.D. Cal. Feb. 12, 2010) ("The 30-day removal period does not commence until proper service of the summons and complaint under applicable state law. Under California law, 'service … is deemed complete on the date written acknowledgment or receipt of summons is executed.'" (omission in original) (citations omitted)).

**C.      The Diversity Of Citizenship Requirement Is Satisfied.**

9.      **Plaintiff Is a Citizen of California**.  A person is a "citizen" of the state in which he is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he resides with the intention to remain or to which he intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff asserts in the Complaint that his "domicile is in California," that "at all times relevant" he has been "a resident of the County of Riverside in the State of California," that he works for Defendant "from his home in Temecula and Defendant's office in Los Angeles," and that he has been employed by Defendant since approximately December 27, 2021.  (Ex. A, ¶¶ 11, 16-17.) Plaintiff's allegation that he is a California resident creates a rebuttable presumption of California citizenship.  *Ayala v. Cox Auto., Inc.*, No. 16-06341-GHK (ASx), 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016).  As further confirmation, Defendant's records indicate that Plaintiff was hired on December 27, 2021 and that his home

3

address is in Temecula, California.  (Declaration of Christopher Miller ("Miller Decl."), ¶ 5.)

10.  **Defendant Is a Citizen of Oregon**.  Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.  At the time of filing, Defendant was, and still is, a corporation organized under the laws of the State of Oregon.  (Miller Decl., ¶ 4.)  The Supreme Court has established the proper test for determining a corporation's principal place of business.  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  The Court held that the "'principal place of business' [as set forth in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 92-93.  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id*. at 93. Defendant's executive officers maintain their offices at Defendant's headquarters in Oregon, where they direct, control, and coordinate Defendant's activities.  (Miller Decl., ¶ 4.)  These high-level corporate officers located in Oregon are responsible for the direction, control, and coordination of the activities covered by their respective offices. *Id*.  POA's payroll is also run in Oregon. *Id*.  In light of the foregoing, Defendant is, and was at the time of filing of the action, a citizen of Oregon, not California.

11.  **The Citizenship of "Doe Defendants" Must Be Disregarded**. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. § 1441(b)(1).

12.  Thus, complete diversity exists for purposes of removal.

**D.  The Amount In Controversy Is Satisfied.**

13.  While Defendant denies the allegations in the Complaint, for purposes of removal "a court must assume that the allegations of the complaint are true and

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotation marks omitted).

14.     Plaintiff does not state exact damages sought from Defendant but states that the amount demanded exceeds $25,000.00.  (Ex. A, Civil Case Cover Sheet.) Plaintiff seeks to recover penalties under PAGA, Labor Code §§ 2698, *et seq.*, based on alleged violations of **at least 30** Labor Code provisions and applicable IWC Wage Orders, and interest and attorneys' fees and costs.  (Ex. A at ¶ 1.)

15.     In *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118 (9th Cir. 2013), a divided panel of the Ninth Circuit Court of Appeals held that certain penalties available to "aggrieved employees" in a PAGA representative action cannot be aggregated when determining the amount in controversy.  Although Defendant disagrees with that ruling, the following sections focus on the damages available to Plaintiff as alleged in the Complaint.

16.     **<u>Overtime and Double Time.</u>**  Plaintiff alleges that Defendant failed to pay him overtime and double time wages.  (Ex. A, ¶¶ 18-28, 57-63.)  Specifically, Plaintiff alleges that "Plaintiff and other aggrieved employees *regularly* worked more than eight hours a day and more than 40 hours a week," but Defendant "did not compensate Plaintiff and other aggrieved employees for the time spent working for Defendants before and after they clocked out." (*Id.* at ¶ 55 (emphasis added).)  As examples, Plaintiff asserts that he was not paid for time spent traveling to and from service locations, on transporting tools and parts and on inventorying, organizing, and ordering parts, and on researching solutions for clients while off-the-clock.  (Ex. A, ¶¶ 27-28.)  Plaintiff also alleges that he was required to "clock-out for meal breaks and work through those breaks." *Id.*  Plaintiff claims that the foregoing unpaid hours were overtime hours. *Id.*  In connection with these purported violations, Plaintiff seeks civil penalties, attorneys' fees, costs, and

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

interest for violations of Labor Code §§ 200, 510, 1194, and 1198 pursuant to Labor Code §§ 2698 and 2699.  (Ex. A, ¶¶ 57-63 and Prayer for Relief.)

17.    "[W]henever the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards, agencies, or employees, has discretion to assess a civil penalty, a court is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty." Cal. Lab. Code § 2699(e)(1).  Where no specific civil penalty is previously attached to a Labor Code violation, there is a penalty of $100 for each aggrieved employee per pay period for an initial violation, and $200 for every further violation.  *Id.* § 2699(f)(2).  Additionally, the time period for which PAGA penalties can be assessed is one year and 65 days prior to the date of filing of the PAGA lawsuit. *See* Cal. Code Civ. Proc. § 340; Cal. Lab. Code § 2699(a)(2)(A).

18.    Plaintiff claims he has "regularly" worked eight hours or more per workday, and more than 40 hours per week, without being compensated for all time worked.  Though the language of the Complaint indicates that extensive violations occur weekly, multiple times a week or even daily, for purposes of assessing the amount in controversy, the below calculations assume Plaintiff purportedly performed at least a few minutes of off-the-clock work on at least one workday each pay period.

19.    Between July 22, 2022 (one year and 65 days before Plaintiff filed the Complaint) and the pay period ending December 2, 2023 (the most recent pay period as of the filing of this removal, as Plaintiff is a current employee), there were 35 regular pay periods.  (Miller Decl., ¶ 5.)  This yields a total of at least **$13,800** in controversy, broken down as follows:

   a.  Alleged Violation of Labor Code § 510: [($100 [first pay period] + ($200 x 34 [subsequent pay periods)]] = $6,900.

   b.  Alleged Violation of Labor Code § 1198: [($100 [first pay period] + ($200 x 34 [subsequent pay periods]) = $6,900.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

20.   **Minimum Wage.**  Similar to his overtime claim, Plaintiff predicates his minimum wage claim on allegations that Defendant engaged in a "systematic pattern of wage and hour violations," including allegedly not paying Plaintiff for all hours worked, failing to provide Plaintiff with the opportunity to take compliant meal periods, and requiring Plaintiff perform work off-the-clock.  *See generally* Ex. A.  Plaintiff cites violations of Labor Code §§ 203, 1194, 1194.2, 1197, and 1197.1, and seeks: "[l]iquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon" pursuant to Section 1194.2; civil penalties, restitution of wages, and liquidated damages pursuant to Section 203[1]; and civil penalties pursuant to Section 1197.1.  (Ex. A, ¶¶ 50-56.)

21.   California Labor Code § 1197.1 authorizes a civil penalty against an employer who pays an employee less than the minimum wage.  For an initial violation that is committed intentionally, the penalty is $100.  For each subsequent violation, the penalty increases to $250 for each underpaid employee.

22.   Given the representations that Defendant regularly and systematically failed to pay for all hours worked, Defendant reasonably assumes for purposes of calculating the amount in controversy that there was a violation on at least one day per pay period, even if minor.  Considering the 35 pay periods at issue, Plaintiff's minimum wage claim places at least **$15,400** in controversy:

    a. Alleged Violation of Labor Code § 1197: [($100 [first pay period] + ($200 x 34 [subsequent pay periods]) =  $6,900.

    b. Alleged Violation of Labor Code § 1197.1: [($100 [first pay period] + ($250 x 34 [subsequent pay periods]) = $8,500.

23.   **Meal Periods.**  Plaintiff alleges that Defendant scheduled Plaintiff for work "in a manner which made taking meal breaks impossible" and that Plaintiff

---

[1] As Plaintiff is a current employee such that Section 203 penalties are inapplicable, Defendant omits any associated penalties for purposes of the amount in controversy.

DEFENDANT'S NOTICE OF REMOVAL

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

was not relieved of duty because he was "required to be available to clients and management at all times." (Ex. A, ¶¶ 75-76.) Plaintiff also alleges that "when meal periods were provided, they were often after the end of the fifth hour of work." (*Id.*) Finally, Plaintiff claims that he was required "to clock-out for meal breaks and work through those breaks." (*Id.* at ¶ 3.) Accordingly, Plaintiff asserts Defendant "regularly failed to provide Plaintiff … with proper meal breaks … and failed to provide meal … break premiums in lieu of such breaks." (*Id.* at ¶ 4.) Plaintiff seeks meal period premiums under the applicable IWC Wage Order and civil penalties pursuant to Labor Code §§ 226.7, 512, 558, and 1198. (*Id.* at ¶¶ 70-76.)

24.    Defendant will apply a very low 10% violation rate for each pay period, assuming at least one missed, short, or late meal break per pay period (*i.e.,* one violation every ten days of work). Taking into account the 35 pay periods at issue, Plaintiff's meal period claim places at least **$10,350** in controversy:

    a. Alleged Violation of Labor Code § 512(a): [($100 [first pay period] + ($200 x 34 [subsequent pay periods]) = $6,900.

    b. Alleged Violation of Labor Code § 558: [($50 [first pay period] + ($100 x 34 [subsequent pay periods]) = $3,450.

25.    **Rest Periods.** Plaintiff alleges that Defendant failed to authorize and permit legally sufficient rest breaks because Defendant "consistently provided…rest periods that were less than 10 minutes," scheduled Plaintiff for work "in a manner which made taking rest breaks impossible," and "required [Plaintiff] to be available to clients and management at all times," and "failed to provide … rest break premiums in lieu of such breaks." (Ex. A, ¶¶ 4, 64-69.) Plaintiff seeks civil penalties pursuant to Labor Code §§ 226.7 and 558. (*Id.* at ¶¶ 70-76.)

26.    As with meal breaks, Defendant assumes at least one rest break violation per pay period. Taking into account the 35 pay periods at issue, Plaintiff's rest period claim places at least **$6,900** in controversy:

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

a.   Alleged Violation of Labor Code § 226.7: [($100 [first pay period] + ($200 x 34 [subsequent pay periods]) = $6,900.

27.   **Accurate Wage Statements.**  Plaintiff claims Defendant has not provided properly itemized wage statements due to Defendant's failure to maintain accurate time records.  (Ex. A, ¶¶ 82-90.)  Plaintiff has alleged wage statement violations that are both facial and derivative.  (*Id.* at ¶¶ 88.)  Plaintiff seeks unpaid wages, penalties, attorneys' fees, costs, and interest pursuant to IWC Wage Order and Labor Code §§ 226(a), 226(e), 226.3, and 1174(d).  (*Id.* at ¶¶ 82-90.)

28.   An employer who violates Labor Code § 226.3 is subject to a civil penalty.  For an initial violation committed intentionally, the penalty is $250.  For each subsequent violation, the penalty is $1,000 per underpaid employee.  (Ex. A, ¶ 83.)

29.   In light of the above allegations, Defendant assumes at least one violation per pay period.  Additionally, Plaintiff received 17 bonus paychecks between July 22, 2022 and December 2, 2023.  (Miller Decl., ¶5.)  Taking into account the 35 pay periods at issue, as well as the 17 bonus paychecks, Plaintiff's wage statement claim places at least **$56,900** in controversy:

a.   Alleged Violation of Labor Code § 226.3: [($250 [first violation] + ($1,000 x 51 [subsequent violations])= $51,250.

b.   Alleged Violation of Labor Code § 226(e): [($50 [first pay period] + ($100 x 51 [subsequent pay periods]) = $5,150.

c.   Alleged Violation of Labor Code § 1174(d): $500.

30.   **Timely Payment of Wages During Employment.**  Plaintiff alleges that, because Defendant failed to pay Plaintiff all wages owed, including minimum, regular, overtime, double time, and meal and rest period wages, Defendant necessarily failed to timely pay all wages during employment in violation of Labor Code § 204.  (Ex. A, ¶¶ 77-81.)  Plaintiff seeks civil penalties, attorneys' fees, costs, and interest, pursuant to Labor Code §§ 204 and 210.  *Id.*

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

31.     As this claim derives from Plaintiff's claims for unpaid wages and failure to provide meal and rest breaks, Defendant assumes at least one violation per pay period.  Considering the 35 pay periods at issue, Plaintiff's untimely payment of wages during employment claim places more than **$6,900** in controversy:

    a. Alleged Violation of Labor Code § 210: [($100 [first pay period] + ($200 x 34 [subsequent pay periods])] = $6,900, *plus 25% of the amount unlawfully withheld*.

32.     **Paid Sick Leave and Reporting Leave Accruals.**  Plaintiff alleges that Defendant "failed to provide … paid sick leave in accordance with California law, rendering Defendant[] liable for an associated civil penalty with respect to every … pay period during the PAGA period."  (Ex. A, ¶¶ 47-49.)  Plaintiff asserts violations for regular paid sick leave and COVID-19 supplemental paid sick leave, and claims that "[i]n failing to provide [such] leave, Defendant[] also violated the requirement under Labor Code § 246(i) to provide with the employee wage statements the number of hours earned and used at the appropriate and accurate rates."  *Id.*  Plaintiff seeks civil penalties under Labor Code §§ 245-249.  *Id.*

33.     Defendant adopts the 100% violation rate described in above-described allegations.  Taking into account the 35 pay periods at issue, Plaintiff's paid sick leave claim places at least **$13,800** in controversy:

    a. Alleged Violation of Labor Code § 246(i): [($100 [first pay period] + ($200 x 34 [subsequent pay periods]) = $6,900.

    b. Alleged Violation of Labor Code § 248.6: [($100 [first pay period] + ($200 x 34 [subsequent pay periods]) = $6,900.

34.     **Attorneys' Fees.**  The sum of paragraphs 16 through 33, above, substantially exceeds the requisite $75,000.  In addition, this is a wage and hour case brought under various Labor Code sections, which provide for the award of attorneys' fees to a prevailing employee for certain claims.  Plaintiff seeks to

DEFENDANT'S NOTICE OF REMOVAL

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

recover attorneys' fees on his causes of action for PAGA penalties.  (Ex. A, ¶¶ 1,
50, 58, 84, 89, and 103, and Prayer for Relief.)

35.    Courts have held that an award of attorneys' fees, if such fees are
authorized, may be considered for purposes of calculating the amount in
controversy.  *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011
(N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover
reasonable attorney fees, a reasonable estimate of fees likely to be incurred to
resolution is part of the benefit permissibly sought by the plaintiff and thus
contributes to the amount in controversy."); *Galt G/S v. JSS Scandinavia*, 142 F.3d
1150, 1155-56 (9th Cir. 1998) ("We hold that where an underlying statute
authorizes an award of attorneys' fees, either with mandatory or discretionary
language, such fees may be included in the amount in controversy."); *Guglielmino
v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (attorneys' fees are
included in the calculation of the amount in controversy under 28 U.S.C. §
1332(a)); *Hurd v. Am. Income Life Ins*. No. CV-13-05205, 2013 WL 5575073 (C.D.
Cal. Oct. 13, 2013) (allowing attorney's fees as part of amount in controversy where
authorized by statute or contract); *Melendez v. HMS Host Fam. Rests., Inc.*, No. CV
11-3842,  2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011) (same).

36.    Indeed, it is not just attorneys' fees already incurred that are to be
included; fees anticipated through the resolution of the action should be included as
well.  *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir.
2018) (concluding that "[b]ecause the law entitles Fritsch to an award of attorneys'
fees if he is successful, such future attorneys' fees are at stake in the litigation, and
must be included in the amount in controversy"); *see also Salazar v. PODS Enters.,
LLC*, No. EDCV19260MWFKKX, 2019 WL 2023726, at *7 (C.D. Cal. May 8,
2019); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002)
("[T]he measure of fees should be the amount that can reasonably be anticipated at
the time of removal, not merely those already incurred."); *Arias v. Residence Inn by*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Marriott*, 936 F.3d 920, 927-28 (9th Cir. 2019) (reaffirming the *Fritsch* precedent that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met).

37.    Courts have recognized that "attorneys handling wage-and-hour cases typically spend far more than 100 hours on the case." *Lippold v. Godiva Chocolatier, Inc.*, No. C 10-00421, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010).  A reasonable estimate for fees in a PAGA representative action such as this one, with millions in potential penalties at stake, would be no less than $250,000, and very likely much more.  (LeCrone Decl., ¶ 4.)

38.    Thus, based on the nature of Plaintiff's allegations and the anticipated relief he will seek, the amount in controversy well exceeds the $75,000 jurisdictional threshold set forth in U.S.C. § 1332(a).

39.    Because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and it is removable under 28 U.S.C. § 1441.

40.    For the reasons set forth above, therefore, this action may be removed by Defendant to this District Court pursuant to 28 U.S.C. § 1441 and, if necessary, pursuant to 28 U.S.C. § 1367.

**MISCELLANEOUS**

41.    Pursuant to 28 U.S.C. § 1446(a), the following constitutes all of the process, pleadings, and orders received or served by Defendant or otherwise found in the State Action court file, and available to Defendant at the time of the filing of this removal.  True and correct copies are attached of the following:

Ex. A:      Complaint; Civil Case Cover Sheet; Summons; Notice of Case Assignment; ADR packet; Notice of Confirmation of Electronic Filing; and NAR.

Ex. B:      Defendant's Answer to Plaintiff's Complaint.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

42.    Pursuant to 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice of Removal, Defendant will file with the State Court a Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached.  Defendant will serve Plaintiff's counsel with a copy of this Notice of Removal and the Notice of Filing of Notice of Removal, and file this Notice to Plaintiff with the State Court.

43.    Defendant has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by the filing of this Notice.

Based on the foregoing, Defendant hereby removes this action from the Superior Court of California, County of San Diego, to this Court, and requests that further proceedings be conducted in this Court as provided by law.

DATED: December 6, 2023

DAVIS WRIGHT TREMAINE LLP
JOHN P. LECRONE
VANDANA KAPUR
ARIELLE J. SPINNER

By: /s/    *John P. LeCrone*
          John P. LeCrone

Attorneys for Defendant
PACIFIC OFFICE AUTOMATION, INC.

DEFENDANT'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

JUSTIN HEWGILL (259528)
**HEWGILL COBB & LOCKARD, APC**
1620 5th Avenue, Suite 325
San Diego, CA 92101
Phone: (619) 432-2520;
Fax: (619) 377-6026
contact@hcl-lawfirm.com

BEN TRAVIS (305641)
**BEN TRAVIS LAW, APC**
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
Phone: (619) 353-7966
ben@bentravislaw.com

Attorneys for Plaintiff,
Shawn Canfield

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/25/2023** at 06:43:31 PM

Clerk of the Superior Court
By Katie Winburn, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN DIEGO**

| | |
|---|---|
| SHAWN CANFIELD, an individual, on behalf of himself and all other aggrieved employees<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC OFFICE AUTOMATION, INC., an Oregon corporation; and DOES 1 through 25, Inclusive,<br><br>　　　　　Defendants. | Case No.:  37-2023-00041493-CU-OE-CTL<br><br>**REPRESENTATIVE ACTION COMPLAINT UNDER THE PRIVATE ATTORNEYS GENERAL ACT ("PAGA")** |

Plaintiff Shawn Canfield ("Plaintiff"), by and through his attorneys, alleges the following based upon information and belief, the investigation of counsel, and personal knowledge as to the allegations pertaining to himself.

## **INTRODUCTION**

1.      On behalf of himself and other aggrieved employees, Plaintiff  brings this representative action under the California Private Attorneys General Act of 2004, as codified in Labor Code §§ 2698, *et seq*. ("PAGA") against Defendant Pacific Office Automation, Inc. ("Office Automation"); and Does 1 through 25 inclusive (collectively "Defendants") for civil penalties, interest, costs of suit and attorneys' fees, and all other appropriate relief, resulting from Defendants' wage-and-hour violations and other unlawful conduct.

2.      Defendants own and operate one of the largest office technology companies. Defendants provide office management solutions which includes the service and repair of office scanners, copiers, printers and fax machines. As part of this business, Defendants employ a fleet of service technicians ("Technicians") who drive to the various clients' offices to service and repair machines.

3.      Defendants required Plaintiff and other aggrieved employees to work without pay for hours or partial hours in several ways, including but not limited to:

    i.   Requiring Technicians to drive long distances to service locations without paying for travel time;

    ii.  Requiring Technicians to transport tools and parts without paying travel time;

    iii. Requiring Technicians to inventory, organize and order parts and supplies while off-the-clock;

    iv.  Requiring Technicians to research solutions to clients' problems while off-the-clock; and

    v.   Requiring Technicians to clock-out for meal breaks and work through those breaks.

4.      Further, Defendants regularly failed to provide Plaintiff and other aggrieved employees with proper meal breaks, failed to authorize and permit legally compliant rest breaks, and failed to provide meal and rest break premiums in lieu of such breaks.

REPRESENTATIVE ACTION COMPLAINT

**EXHIBIT A**

5.      Additionally, Defendants failed to provide paid sick leave and failed to provide aggrieved employees with sick leave accruals.

6.      When other aggrieved employees' employment with Defendants ended, Defendants failed to pay them all wages due, and as such owe those aggrieved employees waiting time penalties.

7.      Finally, Defendants failed to provide accurate wage statements and maintain adequate records and failed to pay all wages owed upon termination of employment.

8.      Upon information and belief, the above practices are uniform at all locations in the State of California and are still ongoing.

9.      Plaintiff brings this action on behalf of himself and all other non-exempt employees who are or were employed by Defendants in the State of California during the period of July 19, 2022 through the time of trial of this action and who have experienced one or more of the violations alleged herein ("aggrieved employees").

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, §10, because this case is a cause not given by statute to other trial courts. The penalties sought by Plaintiff total more than this Court's jurisdictional minimum.

11.      Plaintiff is a citizen of California because his domicile is in California.

12.      This Court has jurisdiction over Defendants because they conduct substantial business in California, employ numerous individuals in California, and have intentionally availed themselves of the laws and markets of California through the operation of their business in California.

13.      Venue is proper in this Court because Defendants transact business in San Diego County, and Defendants are otherwise within this Court's jurisdiction for purposes of service of process. On information and belief, Defendants employ numerous individuals throughout San Diego County. Furthermore, Defendants committed wage-and-hour violations in this County.

14.      Venue is properly seated for a Private Attorneys General Action in any county in which violations of the law took place, and therefore civil penalties derive from. *Crestwood Behavioral Health, Inc. v. Superior Court*, (2021) 60 Cal.App.5th 1069.

3

**EXHIBIT A**

**17**

15.     There is no federal question at issue here for removal under 28 U.S.C. §1331, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, and Code of Civil Procedure. Further, as a representative action under PAGA, the matter is not subject for removal under 28 U.S.C. §1332(a)-(d). Plaintiff does not seek individual damages, but rather civil penalties, and as such, does not seek damages on his own behalf in an amount greater than $75,000, or damages for a class in an amount greater than $5 million.

## PARTIES

### A. PLAINTIFF

16.     Plaintiff is an individual over the age of eighteen years, and at all times relevant herein was and is, a resident of the County of Riverside in the State of California.

17.     Plaintiff works for Defendants from his home in Temecula and Defendants' office in Los Angeles and also does service and repair jobs for Defendants in San Diego. Plaintiff was employed by Defendants from in or around December 27, 2021 and is still currently employed.

### B. DEFENDANTS

18.     Defendant Office Automation is an Oregon corporation.

19.     Upon information and belief, Defendant Office Automation owns and operates one of the largest office technology companies in the country. Office Automation operates across the country including in California. Office Automation provides office management solutions which includes the service and repair of office scanners, copiers, printers and fax machines. As part of this business, Office Automation employs a fleet of service technicians ("Technicians") who drive to the various clients' offices to service and repair machines.

20.     On information and belief, Defendants are doing business in the State of California, including but not limited to the County of San Diego.

21.     Based on information and belief, Defendants had the authority to, directly or indirectly, or through an agent or other person, employ or exercise control over Plaintiff's and other aggrieved employees' wages, hours, and working conditions.

22.     Based on information and belief, Defendants had knowledge of the wage-and-hour violations alleged herein and each defendant had the power to prevent the violations from occurring.

**EXHIBIT A**

**18**

1  Having knowledge of the wage-and-hour violations set forth in this Complaint, Defendants could

2  have but failed to prevent the violations from occurring.

3      23.    Plaintiff does not know the true names and capacities of defendants sued herein as

4  DOES 1 through 25, and therefore sues these defendants by such fictitious names. Plaintiff will amend

5  his Complaint to allege the true names and capacities when they are ascertained.

6      24.    Plaintiff believes and thereon alleges that each "Doe" Defendant is responsible in some

7  manner for the occurrences herein alleged, and Plaintiff's injuries and damages as herein alleged are

8  directly, proximately and/or legally caused by Defendants and their acts.

9      25.    Plaintiff is informed and believes and thereon alleges that the aforementioned DOES

10  are somehow responsible for the acts alleged herein as the agents, employers, representatives or

11  employees of other named Defendants, and in doing the acts herein alleged were acting within the

12  scope of their agency, employment or representative capacity of said named Defendants.

13      26.    The tortious acts and omissions alleged herein were performed by Defendants'

14  management level employees. Defendants allowed and/or condoned a continuing pattern of unlawful

15  practices in violation of the California Labor Code, and have caused, and will continue to cause,

16  Plaintiff's economic damage in an amount to be proven at trial.

17                      **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

18  **Failure to Pay for all Hours Worked (Unpaid Minimum, Regular, and Overtime Wages):**

19      27.    Defendants failed to pay Plaintiff and other aggrieved employees for all hours worked

20  by failing to pay for various categories of work, including but not limited to:

21          i.   Requiring Technicians to drive long distances to service locations without paying for

22              travel time;

23          ii.  Requiring Technicians to transport tools and parts without paying travel time;

24          iii. Requiring Technicians to inventory, organize and order parts and supplies while off-

25              the-clock;

26          iv.  Requiring Technicians to research solutions to clients' problems while off-the-clock;

27              and

28          v.   Requiring Technicians to clock-out for meal breaks and work through those breaks.

**EXHIBIT A**

28.     Because Plaintiff and other aggrieved employees regularly worked 8 hours a day and 40 hours a week, the unpaid hours described above were overtime hours. Because Defendants failed to pay wages for those hours, overtime wages are also owed.

**Meal Breaks:**

29.     Defendants scheduled Plaintiff's and other aggrieved employees' appointments to service and repair clients' office equipment in a manner that did not allow them to take meal breaks.

30.     Defendants required Plaintiff and other aggrieved employees to be available to answer management and client phone calls at all times, regardless of nominal breaks being taken, and therefore did not allow Plaintiff and other aggrieved employees to be relieved of all duty for breaks.

31.     Plaintiff and other aggrieved employees are owed premiums for all of these missed meal periods.

**Rest Breaks:**

32.     Defendants scheduled Plaintiff's and other aggrieved employees' appointments to service and repair clients' office equipment in a manner that did not allow them to take rest breaks.

33.     Defendants required Plaintiff and other aggrieved employees to be available to answer management and client phone calls at all times, regardless of nominal breaks being taken, and  therefore did not allow Plaintiff and other aggrieved employees to be relieved of all duty for breaks.

34.     Plaintiff and other aggrieved employees are owed premiums for those missed rest periods.

**Paid Sick Leave and COVID-19 Supplemental Paid Sick Leave:**

35.     California Healthy Workplaces Healthy Families Act, ARTICLE 1.5. 'Paid Sick Days' [sections §§ 245-249] requires employers to provide paid sick leave and COVID-19 supplemental paid sick leave to employees.

36.     Defendants failed to provide paid sick leave to Plaintiff and other aggrieved employees in accordance with California law.

37.     In failing to provide paid sick leave and COVID-19 supplemental paid sick leave,

**EXHIBIT A**

**20**

1    Defendants also violated the requirement under Labor Code § 246(i) to provide with the employee

2    wage statements the number of hours earned and used at the appropriate and accurate rates.

3    **Wage Statements:**

4        38.    Because of Defendants' failure to record all hours worked and failure to pay all

5    wages and premiums owed, the wage statements they issued to employees are incorrect.

6        39.    Additionally, the wage statements failed to state the name and address of an

7    individual or legal entity employer.

8        40.    Plaintiff is informed and believes that the above practices he experienced were not

9    unique to him but rather were companywide policies and practices at all locations in the State of

10   California and were suffered by all non-exempt employees.

11       41.    Plaintiff is informed and believes that the unlawful wage and hour policies described

12   in this action are set centrally and are applicable throughout California.

13       42.    Plaintiff is informed and believes that the unlawful wage and hour policies described

14   in this action are still ongoing.

15                    **PRIVATE ATTORNEYS GENERAL ACT ALLEGATIONS**

16       43.    Plaintiff was employed by Defendants during the statutory PAGA period and was

17   aggrieved by one or more of the violations of the California Labor Code described in this complaint.

18       44.    Plaintiff was employed by Defendants when Defendants' policies violated California

19   wage and hour law during the statutory period.

20       45.    Plaintiff, as an aggrieved employee, brings this action on his own behalf and on behalf

21   of other aggrieved current, former, and future employees of Defendants who work(ed) for Defendants

22   in the state of California, and who are/were subjected to the policies of the Defendants.

23       46.    Defendants' systematic pattern of wage and hour violations toward Plaintiff and other

24   aggrieved employees in California include, *inter alia*:

25        i.    Failure to Pay Minimum Wages;

26       ii.    Failure to Pay Overtime and Double Time Wages;

27      iii.    Failure to Authorize and Permit Legally Sufficient Rest Breaks;

28       iv.    Failure to Provide Legally Sufficient Meal Periods;

**EXHIBIT A**

**21**

v.   Failure to Provide Paid Sick Leave and Report Sick Leave Accruals;

vi.  Failure to Timely Pay Wages;

vii. Failure to Provide Accurate Wage Statements; and

viii. Failure to Pay all Wages due upon Termination of Employment.

**Failure to Provide Paid Sick Leave and Failure to Provide Sick Leave Accruals:**

47.    California Healthy Workplaces Healthy Families Act, ARTICLE 1.5. 'Paid Sick Days' [sections §§ 245-249] requires employers to provide paid sick leave and COVID-19 supplemental paid sick leave to employees. Labor Code § 246(l)(1)-(2) mandates that sick leave be calculated in the same fashion that overtime base rates are calculated for the pay period sick leave is used, or in a 90-day period in which the sick leave is used. In either case, the rate should be calculated by dividing the sum of all wages by total hours. Labor Code § 248.6 mandates the same calculations for COVID-19 supplemental paid sick leave.

48.    Defendants failed to provide aggrieved employees with paid sick leave in accordance with California law, rendering Defendants liable for an associated civil penalty with respect to every employee and every pay period during the PAGA period.

49.    In failing to provide paid sick leave, Defendants also violated the requirement under Labor Code § 246(i) to provide with the employee wage statements the number of hours earned and used at the appropriate and accurate rates.

**Failure to Pay Minimum Wages:**

50.    Labor Code section 1194(a) states "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit." Liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon are provided for under Labor Code section 1194.2.

51.    Labor Code section 1197 states "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

**EXHIBIT A**

**22**

52.    Labor Code section 1197.1 (a) states "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Labor Code §203..."

53.    As provided for in Section 1197.1(a)(1), for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

54.    Section (B) of the "Minimum Wages" provision of the applicable IWC Wage Order states "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission or otherwise."

55.    As set forth above, Defendants required Plaintiff and other aggrieved employees to work off-the-clock. Plaintiff and other aggrieved employees regularly worked more than eight hours a day and more than 40 hours a week, however, Defendants did not compensate Plaintiff and other aggrieved employees for the time spent working for Defendants before and after they clocked out.

56.    As such, Plaintiff and other aggrieved employees are owed wages for those unpaid hours.

**Failure to Pay Overtime and Double Time Wages:**

57.    Labor Code section 510 states "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12- hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

**EXHIBIT A**

**23**

58.    Labor Code section 1194(a) states "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

59.    Labor Code section 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

60.    Labor Code section 200(a) states "Wages includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

61.    Plaintiff alleges that he and other current and former aggrieved employees were not compensated all minimum, regular and overtime wages for all hours or fraction of hours worked.

62.    Plaintiff regularly worked off the clock as discussed above. Plaintiff and other aggrieved employees regularly worked more than eight hours a day and more than 40 hours a week.

63.    Plaintiff and similarly situated employees are owed overtime and double time premium wages.

**Failure to Authorize and Permit Legally Sufficient Rest Breaks**

64.    Section (A) of the "Rest Periods" provision of the applicable IWC Wage Order states, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minute net rest, time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages."

65.    Labor Code section 226.7 states: "(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable

**EXHIBIT A**

**24**

regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

66.     Labor Code section 558 states: "(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

67.     As set forth above, Defendants consistently provided employees with rest periods that were less than 10 minutes.

68.     Specifically, Defendants scheduled Plaintiff and other aggrieved employees in a manner which made taking rest breaks impossible. Additionally, Plaintiff and other aggrieved employees were required to be available to clients and management at all times.

69.     For these reasons, Plaintiff and similarly situated employees of Defendants have and are being denied legally sufficient rest breaks.

**Failure to Provide Legally Sufficient Meal Periods**

70.     Labor Code section 512(a) states, "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

11

**EXHIBIT A**

71.     Section (A) of the "Meal Period" provision of the applicable IWC Wage Order states, "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered "'on duty" meal period and counted as time worked." Section (8) states "'If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided."

72.     Labor Code section 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

73.     Labor Code section 226.7 states: "(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

74.     Labor Code section 558 states: "(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

**EXHIBIT A**

**26**

75.    Defendants scheduled Plaintiff and other aggrieved employees in a manner which made taking meal breaks impossible. Additionally, Plaintiff and other aggrieved employees were required to be available to clients and management at all times.

76.    Furthermore, when meal periods were provided, they were often after the end of the fifth hour of work. As such, Plaintiff and similarly situated employees were not relieved of duty and not provided legally adequate meal breaks.

**Failure to Timely Pay Wages**

77.    Labor Code § 204 subsection (a) states in relevant part "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

78.    Labor Code § 204 subsection (b)(1) states: "Notwithstanding any other provision of this section, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period."

79.    The "Minimum Wages" section of the applicable IWC Wage Order provides every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period.

80.    Labor Code § 210(a) imposes a civil penalty for violation of Labor Code § 204 of one hundred dollars ($100) for the initial violation for each failure to pay each employee and two hundred dollars ($200) for each subsequent violation, or willful and intentional violation, plus 25 percent of the amount unlawfully withheld.

81.    Due to Defendants not paying for all time worked as alleged above, Defendants do not pay all wages. In addition, Defendants fail to pay meal and rest break premiums. Defendants failed to pay Plaintiff all minimum, regular, overtime, and meal and rest period wages due and owing either on the regular paydays or the payday for the next payroll period. Defendants willfully failed to pay

**EXHIBIT A**

**27**

all wages when required by § 204 of the Labor Code. Therefore, Defendants owe penalties to all affected employees including Plaintiff.

**Failure to Provide Accurate Wage Statements:**

82.     Labor Code § 226(a) states in pertinent part that every employer shall provide an accurate itemized statement in writing with respect to each one of its employees showing: 1) gross wages earned; 2) total hours worked by an employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer...; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

83.     Labor Code § 226.3 provides that "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars·($1,000) per employee for each violation in a subsequent citation for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."

84.     In addition, Labor Code § 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and Plaintiff is entitled to an award of costs and reasonable attorney's fees.

85.     Section (B) of the "Records" provision of the applicable IWC Wage Order states that "Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for

which the employee is paid; (3) the name of the employee or the employee's social security number; and ( 4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item."

86.    Labor Code § 1174(d) provides that an employer must keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, employees employed at the respective establishments. These records shall be kept on file for not less than three years. Labor Code § 1174.5 provides for a civil penalty of five hundred dollars ($500) for an employer who willfully fails to maintain the records pursuant to Labor Code section l 174(d).

87.    Sections (7)(A)( 4) and (5) of the "Records" provision of the applicable IWC Wage Order provides that employers shall keep accurate information with respect to each employee, including total wages paid each payroll period, total hours worked during the payroll period, and applicable rates of pay, as well as time records showing when each employee begins and ends each work period. The time records must also show meal periods, split shift intervals, and total daily hours worked.

88.    Defendants failed to maintain records as set forth in § 1174 of the Labor Code and the "Records" section of the applicable IWC Wage Order including but not limited to, accurately recording total hours worked, total wages paid and applicable rates of pay. Due to Defendants not paying minimum wages for all hours worked or overtime, double time, sick leave, and meal and rest period premiums, Defendants do not record proper hours and wages, and do not provide wage statements accurately accounting of hours, wages, deductions, etc., Further, as stated above, the wage statements do not properly state the name and address of the legal entity that is the employer.

89.    Labor Code §§226(e) and (h) provide for the remedy for wage statement violations:
(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars

**EXHIBIT A**

**29**

1   ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

2   (h) An employee may also bring an action for injunctive relief to ensure compliance

3   with this section, and is entitled to an award of costs and reasonable attorney's fees.

4   90.    By knowingly and intentionally failing to keep accurate time records as required by

5   Labor Code §§226, 1174(d), and the applicable IWC Wage Order, ¶7, Defendants have injured

6   Plaintiff and the other aggrieved employees and made it difficult to calculate the unpaid wages

7   owed, and losses and expenditures not indemnified by Defendants (including wages, interest and

8   penalties thereon) due Plaintiff and the other aggrieved employees.

9   **Failure to Pay All Wages due upon Termination of Employment:**

10   91.    Labor Code § 201 states "If an employer discharges an employee, the wages earned

11   and unpaid at the time of discharge are due and payable immediately."

12   92.    Labor Code § 202 states "If an employee not having a written contract for a definite

13   period quits his or her employment, his or her wages shall become due and payable not later than 72

14   hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to

15   quit, in which case the employee is entitled to his or her wages at the time of quitting."

16   93.    Labor Code § 203(a) states, in relevant part; "If an employer willfully fails to pay,

17   without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any

18   wages of an employee who is discharged or who quits, the wages of the employee shall continue as a

19   penalty from the due date thereof at the same rate until paid or until an action therefore is commenced;

20   but the wages shall not continue for more than 30 days."

21   94.    Labor Code § 204(a) states in pertinent part "All wages... earned by any person in any

22   employment are due and payable twice during each calendar month, on days designated in advance

23   by the employer as the regular paydays."

24   95.    Labor Code § 210(a) imposes a civil penalty for violation of Labor Code § 204 of one

25   hundred dollars ($100) for the initial violation for each failure to pay each employee and two hundred

26   dollars ($200) for each subsequent violation, plus 25 percent of the amount unlawfully withheld.

27   96.    The "Minimum Wages" section of the applicable IWC Wage Order provides every

28   employer shall pay to each employee, on the established payday for the period involved, not less than

**EXHIBIT A**

1  the applicable minimum wage for all hours worked in the payroll period.

2      97.    Defendants failed to pay Plaintiff and other aggrieved employees all minimum,

3  regular, overtime, double time, sick leave and meal and rest period wages due and owing during and

4  upon termination of employment. Defendants willfully failed to pay all wages when required by §§

5  201 and 202 of the Labor Code. Therefore, Defendants owe waiting time penalties to all affected

6  employees.

7      98.    Defendants failed to pay earned wages to other aggrieved employees upon their

8  termination and/or within 72 hours of the last day of their employment with Defendants. More than

9  30 days have passed since other aggrieved employees have been terminated and/or quit Defendants'

10  employ.

11                              **FIRST CAUSE OF ACTION**

12                          **PRIVATE ATTORNEYS GENERAL ACT**

13                              **(Against All Defendants)**

14                          **[Cal. Labor Code §§ 2698-2699.5]**

15      99.    Plaintiff re-alleges and incorporates by reference each and every allegation contained

16  in the preceding and subsequent paragraphs as though fully set forth herein.

17      100.   Plaintiff is an "aggrieved employee" within the meaning of California Labor Code §

18  2699(c), and a proper representative to bring a civil action on behalf of himself and other current and

19  former employees of Defendants pursuant to the procedures specified in California Labor Code

20  §2699.3, because Plaintiff was employed by Defendants and the alleged violations of the California

21  Labor Code were committed against Plaintiff.

22      101.   Pursuant to the PAGA, Labor Code §§ 2698-2699.5, Plaintiff seeks to recover civil

23  penalties, including but not limited to penalties under California Labor Code §§ 2699, 203, 210,

24  248.5, 558, 1197.1 and the applicable IWC Wage Order, from Defendant for the violations set forth

25  above, including but not limited to violations of California Labor Code §§ 200, 201, 202, 203, 204,

26  210, 226, 226.3, 226.7, 227.3, 245-249, 510, 512, 558, 1174, 1174.5, 1175, 1194, 1194.2, 1197, 1197.1

27  and 1198.

28      102.   Plaintiff seeks civil penalties pursuant to the PAGA for violations of the Labor Code,

**EXHIBIT A**

**31**

including:

    i.   Failure to pay regular and overtime wages for all hours worked (Labor Code §§ 200, 204, 210, 510, 558, 1194, 1194.2, 1197, 1197.1 and 1198, and the applicable IWC Wage Order);

    ii.  Failure to pay sick leave and COVID-19 supplemental sick leave and failure to provide notice of accrued sick leave available (Labor Code §§ 246(l)(1)-(2) and 248.5);

    iii. Failure to provide meal breaks (Labor Code §§ 226.7, 512, 558 and the applicable IWC Wage Order);

    iv. Failure to authorize and permit rest breaks (Labor Code §§ 226.7, 558 and the applicable IWC Wage Order);

    v.   Failure to pay wages in a timely fashion (Labor Code §§ 204, and 210);

    vi. Failure to provide accurate wage statements (Labor Code §§ 226(a), 226(e)(1), 226.3, 1174, 1174.5, and the applicable IWC Wage Order); and

    vii. Failure to pay all wages due upon termination of the employment relationship (Labor Code §§ 201, 202, 203, 204, 1198, 2699 et seq., and the "Minimum Wages" Section of the applicable IWC Wage Order).

103.    Plaintiff is also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

104.    Plaintiff has satisfied the requirements of Labor Code § 2699.3. On July 19, 2023, Plaintiff sent notice to the California Labor and Workforce Development Agency (LWDA) notifying them of the specific violations and the facts and theories supporting those violations. Plaintiff also provided Defendants notice of this "PAGA Letter" by certified mail. Sixty-five days have elapsed since Plaintiff notified the LWDA, and the LWDA has not provided notice that it intends to investigate the claims.

105.    Further, for certain violations, Labor Code § 2699.3 provides that "the employer may cure the alleged violation within 33 calendar days of the postmark date of the notice sent by the aggrieved employee or representative. The employer shall give written notice within that period of

**EXHIBIT A**

1  time by certified mail to the aggrieved employee or representative and by online filing with the

2  agency if the alleged violation is cured, including a description of actions taken, and no civil action

3  pursuant to Section 2699 may commence. If the alleged violation is not cured within the 33-day

4  period, the employee may commence a civil action pursuant to Section 2699." Lab. Code, §

5  2699.3(c)(2)(A). Labor Code § 2699(d) states that "[f]or purposes of this part, 'cure' means that the

6  employer abates each violation alleged by any aggrieved employee, the employer is in compliance

7  with the underlying statutes as specified in the notice required by this part, and any aggrieved

8  employee is made whole. A violation of paragraph (6) or (8) of subdivision (a) of Section 226 shall

9  only be considered cured upon a showing that the employer has provided a fully compliant,

10  itemized wage statement to each aggrieved employee for each pay period for the three-year period

11  prior to the date of the written notice sent pursuant to paragraph (1) of subdivision (c) of Section

12  2699.3." Lab. Code, § 2699(d). Plaintiff has not received notice from Defendants that any of the

13  alleged violations were cured within the statutory period.  Plaintiff has, therefore, exhausted his

14  administrative remedies as required by Labor Code §2699.3.

15        106.    Attached as Exhibit 1 to this Complaint is Plaintiff's PAGA Letter.

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

**EXHIBIT A**

**33**

1    **WHEREFORE** Plaintiff prays for the following relief:

2    1.    For civil penalties pursuant to the PAGA (Labor Code 2698 et seq.);

3    2.    For costs of suit and attorneys' fees as permitted by law, including those available

4    pursuant to Labor Code section 2699(g);

5    3.    For an award of interest, including prejudgment interest, at the legal rate as permitted

6    by law;

7    4.    For such other and further relief as the Court deems proper and just under all the

8    circumstances.

9

10

11

12    DATED: September 25, 2023                         **BEN TRAVIS LAW, APC**

13

14                                                      **HEWGILL COBB & LOCKARD, APC**

15

16

17    _____

18                                                      Justin Hewgill, Esq.
                                                        Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**34**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

 **Ben Travis Law, APC**
4660 La Jolla Village Dr.
Ste. 100
San Diego, CA 92122
t. (619) 353-7966
www.bentravislaw.com

 HEWGILL, COBB & LOCKARD, APC
1620 FIFTH AVENUE, SUITE 325
SAN DIEGO, CA 92101
P: (619) 432-2520 | F: (619) 377-6026
HCL-LAWFIRM.COM

**July 19, 2023**

*Via LWDA Website:*
Labor & Workforce Development Agency
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA 94612

> **Re:** ***Shawn Canfield v Pacific Office Automation Inc.; and Does 1-25.***
> **Written Notice Under Labor Code § 2699.3**

Dear PAGA Administrator:

We represent Shawn Canfield ("Claimant"), who is a current non-exempt employee of Pacific Office Automation Inc. and Does 1-25 ("Defendants").

This letter shall serve as our client's written notice to the Labor and Workforce Development Agency of the Labor Code violations he claims Defendants committed against him and all other current and former non-exempt employees of Defendants who worked at locations in California. Our client provides this written notice in accordance with the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698, et seq. Our client desires to file a civil action to enforce his rights under the Labor Code and seek compensation accordingly. Pursuant to Labor Code § 2699, and by way of this letter, our client also intends to represent all other current and former non-exempt employees of Defendants in California who have suffered at least one of the violations described herein during the relevant period.

A copy of this letter, along with the $75.00 filing fee is being uploaded on the LWDA's website for this purpose contemporaneously with the certified mailing of this letter to Defendants.

**EXHIBIT A**<br>**36**

*Canfield v Pacific Office Automation Inc.*
**PAGA Notice**
**Page 2 of 15**

## FACTUAL BACKGROUND

Defendant, Pacific Office Automation Inc. ("Office Automation" or "Defendant") owns and operates one of the largest office technology companies in the country. Office Automation operates across the country, including in California. Office Automation provides office management solutions which includes the service and repair of office scanners, copiers, printers and fax machines. As part of this business, Office Automation employs a fleet of service technicians ("Technicians") who drive to the various clients' offices to service and repair machines.

Claimant worked for Defendants from his home in Temecula and Defendants' office in Los Angeles. Claimant was employed by Defendants from in or around December 27, 2021 and is still currently employed, and worked as a technician providing service to clients' office equipment.

**Failure to Pay for all Hours Worked (Unpaid Minimum, Regular, and Overtime Wages):**

Defendants failed to pay Claimant and similarly situated employees for all hours worked by failing to pay for various categories of work, including but not limited to:

    i. Requiring Technicians to drive long distances to service locations without paying for travel time;

    ii. Requiring Technicians to transport tools and parts without paying travel time;

    iii. Requiring Technicians to inventory, organize and order parts and supplies while off-the-clock;

    iv. Requiring Technicians to research solutions to clients' problems while off-the-clock; and

    v. Requiring Technicians to clock-out for meal breaks and work through those breaks.

Because Claimant and similarly situated employees regularly worked 8 hours a day and 40 hours a week, the unpaid hours described above were overtime hours. Because Defendants failed to pay wages for those hours, overtime wages are also owed.

**EXHIBIT A**

**37**

*Canfield v Pacific Office Automation Inc.*
**PAGA Notice**
**Page 3 of 15**

## Meal Breaks:

Defendants scheduled Claimant and similarly situated employees' appointments to service and repair clients' office equipment in a manner that did not allow them to take meal breaks.

Defendants required Claimant and similarly situated employees to be available to answer management and client phone calls at all times, regardless of nominal breaks being taken, and therefore did not allow Claimant and other similarly situated employees to be relieved of all duty for breaks.

Claimant and similarly situated employees are owed premiums for all of these missed meal periods.

## Rest Breaks:

Defendants scheduled Claimant and similarly situated employees' appointments to service and repair clients' office equipment in a manner that did not allow them to take rest breaks.

Defendants required Claimant and similarly situated employees to be available to answer management and client phone calls at all times, regardless of nominal breaks being taken, and  therefore did not allow Claimant and similarly situated employees to be relieved of all duty for breaks.

Claimant and similarly situated employees are owed premiums for those missed rest periods.

## Unreimbursed Expenses:

Defendants required Claimant and similarly situated employees to incur costs in the course of discharging their duties, but failed to reimburse all those costs. For example, Defendants required Claimant and similarly situated employees to incur costs for their mandatory uniforms. Additionally, Defendants charged Claimant and similarly situated employees for use of their company vehicles which Claimant and similarly situated employees used for business purposes.

## Wage Statements:

Because of Defendants' failure to record all hours worked and failure to pay all wages and premiums owed, the wage statements they issued to employees are incorrect.

**EXHIBIT A**
**38**

*Canfield v Pacific Office Automation Inc.*
**PAGA Notice**
**Page 4 of 15**

Additionally, the wage statements failed to state the name and address of an individual or legal entity employer.

### **Violations are Widespread and Ongoing**

Claimant is informed and believes that the above practices he experienced were not unique to him but rather were state-wide policies and practices at all locations in the State of California and were suffered by all non-exempt employees.

Claimant is informed and believes that the unlawful wage and hour policies described herein are set centrally and are applicable throughout California.

Claimant is informed and believes that the unlawful wage and hour policies described herein are still ongoing.

### **FACTUAL BASES & LEGAL THEORIES**
### **SUPPORTING ALLEGED VIOLATIONS OF THE LABOR CODE**

Claimant alleges that Defendants' policies, procedures and workplace culture caused various and wide-ranging labor code provision violations, including but not limited to Labor Code §§ 200, 201, 202, 203, 204, 210, 226, 226.3, 226.7, 227.3, 245-249, 510, 512, 558, 1174, 1174.5, 1175, 1194, 1194.2, 1197, 1197.1, 1198 and 2802.

1. **Defendants failed to pay Claimant and similarly situated employees paid sick leave and COVID-19 supplemental paid sick leave; failed to pay Claimant and similarly situated employees sick leave and COVID-19 supplemental paid sick leave at the correct legal rate; and failed to properly notice Claimant and similarly situated employees of the sick leave they had and have accrued. (Violation of Labor Code §§ 246 through 248.6).**

   *a. Defendants had and have no policy of providing Sick Leave.*

   California Healthy Workplaces Healthy Families Act, ARTICLE 1.5. 'Paid Sick Days' [sections §§ 245-249] requires employers to provide paid sick leave and COVID-19 supplemental paid sick leave to employees.

   Defendants failed to provide paid sick leave to Claimant and other aggrieved employees in accordance with California law.

**EXHIBIT A**
**39**

*Canfield v Pacific Office Automation Inc.*
**PAGA Notice**
**Page 5 of 15**

In failing to pay sick leave, Defendants also violated the requirement under Labor Code § 246(i) to provide with the employee wage statements the number of hours earned and used at the appropriate and accurate rates.

### b. *Alternatively, Defendants failed and fail to pay Sick Leave at a legally sufficient rate.*

California Healthy Workplaces Healthy Families Act, ARTICLE 1.5. 'Paid Sick Days' [sections §§ 245-249] requires employers to provide paid sick leave and COVID-19 supplemental paid sick leave to employees. Labor Code § 246(l)(1)-(2) mandates that sick leave be calculated in the same fashion that overtime base rates are calculated for the pay period sick leave is used, or in a 90-day period in which the sick leave is used. In either case, the rate should be calculated by dividing the sum of all wages by total hours. Labor Code § 248.6 mandates the same calculations for COVID-19 supplemental paid sick leave.

As an initial matter, Claimant is informed and believes that Defendants failed to provide paid sick leave in accordance with California law, rendering Defendants liable for an associated civil penalty with respect to every employee and every pay period during the PAGA period.

Further, even if and when Defendants provided paid sick leave, Defendants refused to include all wages earned (including bonuses) in the calculations, and instead paid sick leave at the employees' simple hourly rates. Claimant and similarly situated employees are therefore owed compensation for these improperly paid sick time hours.

In failing to pay the proper sick leave rate, Defendants also violated the requirement under Labor Code § 246(i) to provide with the employee wage statements the number of hours earned and used at the appropriate and accurate rates.

### c. *Defendants fail to provide accurate notice of accrued Sick Leave.*

Finally, Defendants are in violation of Labor Code § 246(i) because the wage statements provided to Claimant and similarly situated employees do not accurately reflect the sick leave accruals.

Claimant will seek all available remedies, including PAGA penalties as provided for by California law.

**EXHIBIT A**

**40**

### 2. Defendants failed to pay all Regular, Minimum, and Overtime Wages (Off-the-Clock Work). (Labor Code §§ 200, 204, 510, 1194 & 1198)

Labor Code section 1194(a) states "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit." Liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon are provided for under Labor Code section 1194.2.

Labor Code section 1197 states "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

Labor Code section 1197.1 (a) states "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Labor Code §203..."

Labor Code section 510 requires all hours over eight hours in a day or 40 hours in a week to be paid at one and half times the applicable rate.

As provided for in Section 1197.1(a)(1), for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

Labor Code section 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is

**EXHIBIT A**
**41**

*Canfield v Pacific Office Automation Inc.*
**PAGA Notice**
**Page 7 of 15**

unlawful."

Section (B) of the "Minimum Wages" provision of the applicable IWC Wage

Order states "Every employer shall pay to each employee, on the established payday for

the period involved, not less than the applicable minimum wage for all hours worked in

the payroll period, whether the remuneration is measured by time, piece, commission or

otherwise."

As set forth above, Defendants required Claimant and other aggrieved employees

to work off of the clock. Claimant and similarly situated employees regularly worked

more than 8 hours in a day and 40 hours in a week. For these hours, Claimant and

similarly situated employees were not paid minimum, regular or overtime wages.

As such, Claimant and other aggrieved employees are owed unpaid hours.

Claimant will seek all available remedies, including PAGA penalties as provided for by

California law.


**3.  Defendants refused and failed to provide legally compliant meal periods or
     compensation in lieu thereof (Violation of Labor Code §§ 226.7 and 512
     and the applicable IWC Wage Order).**


Pursuant to Labor Code § 512, no employer shall employ any person for a work

period in excess of five (5) hours without providing a meal period of at least thirty (30)

minutes. *See also* the applicable IWC Wage Order, item 11. During this meal period of

no less than thirty (30) minutes, the employer must completely relinquish any and all

control over the employee and the employee must not engage in any work-related activity

for the employer. *Brinker Restaurant* Corp. v. *Superior Court* (2012) 53 Cal.4th 1004,

1040. If the employee performs any work for the employer during the thirty (30) minute

meal period, the employee has not been provided a meal period in accordance with the

law. *Id.* Additionally, California law does not permit an employer to employ an

individual for a work period in excess of ten (10) hours without providing a second meal

period of at least thirty (30) minutes. Labor Code § 512; the applicable IWC Wage Order,

item 11. If the employer fails to provide an employee with a legally compliant meal

period, the employer shall pay the employee one additional hour of pay at the employee's

*Canfield v Pacific Office Automation Inc.*
**PAGA Notice**
**Page 8 of 15**

regular rate of compensation for each workday that the meal period was not provided. Labor Code § 226.7; the applicable IWC Wage Order, item 11.

Labor Code § 558 states: "(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

Claimant contends that as a policy, practice, guideline and/or procedure, Defendants failed to provide meal breaks to its employees. Defendants failed to authorize meal breaks by scheduling the work and appointments of Claimant and similarly situated employees in a fashion that made taking meal breaks impossible. Additionally, Defendants made it impossible for employees to take meal breaks by requiring that they be available to clients and management at all times (by phone and otherwise), making it impossible for Claimant and similarly situated employees to be relieved of all duty. As such, Claimant and similarly situated employees were not relieved of duty and not provided legally adequate meal breaks. Consequently, Claimant is entitled to receive one additional hour of pay at his regular rate of compensation for each day a compliant rest or meal period was not provided.

Claimant will seek all available remedies, including PAGA penalties as provided for by California law.

*Canfield v Pacific Office Automation Inc.*
**PAGA Notice**
**Page 9 of 15**

4. **Defendants refused and failed to authorize and permit legally compliant rest periods or compensation in lieu thereof (Violation of Labor Code § 226.7 and the applicable IWC Wage Order).**

The applicable IWC Wage Order, item 12 requires employers to authorize and permit off-duty rest periods during which an employee must be relieved of any and all work-related duties. *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269. Additionally, a lawful off-duty rest period is not provided where an employer fails to relinquish control over how employees spend their time. *Id*. Under Labor Code § 226.7, an employer is required to pay an employee one (1) additional hour of pay at the employee's regular rate of pay for each workday in which a lawful rest period was not provided. *See also* the applicable IWC Wage Order.

Labor Code section 558 states: "(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

Claimant contends that as a policy, practice, guideline and/or procedure, Defendants failed to provide rest breaks to its employees. Defendants failed to authorize rest breaks by scheduling the work and appointments of Claimant and similarly situated employees in a fashion that made taking rest breaks impossible. Additionally, Defendants made it impossible for employees to take rest breaks by requiring that they be available to clients and management (by phone and otherwise) at all times, making it impossible for Claimant and similarly situated employees to be relieved of all duty. As such, Claimant and similarly situated employees were not relieved of duty and not provided legally

**EXHIBIT A**
**44**

*Canfield v Pacific Office Automation Inc.*
**PAGA Notice**
**Page 10 of 15**

adequate rest breaks. Consequently, Claimant is entitled to receive one additional hour of pay at his regular rate of compensation for each day a compliant rest or meal period was not provided.

Claimant will seek all available remedies, including PAGA penalties as provided for by California law.

**5.   Defendants failed to reimburse business expenses**. (**Labor Code § 2802**)

Labor Code section 2802(a) provides in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

Labor Code section 2802(b) states, "[a]ll awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss."

Furthermore, Labor Code section 2802(c) states "[f]or purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

Defendants required Claimant and other aggrieved employees to expend costs for their mandatory uniforms and pay for use of company vehicles, which were provided to Claimant and similarly situated employees to conduct business on behalf of Defendants.

Defendants did and do not compensate Claimant and other aggrieved employees for these costs incurred in the discharge of their duties and they are entitled to recover these expenses. Claimant will seek all available remedies, including PAGA penalties as provided for by California law.

**6.   Defendants failed to timely pay wages**. (**Labor Code §§ 204 and 210 and the "Minimum Wages" section of the applicable IWC Wage Order**)

Labor Code § 204 subsection (a) states in relevant part "All wages, other than

*Canfield v Pacific Office Automation Inc.*
**PAGA Notice**
**Page 11 of 15**

those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

Labor Code § 204 subsection (b)(1) states: "Notwithstanding any other provision of this section, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period."

The "Minimum Wages" section of the applicable IWC Wage Order provides every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period.

Labor Code § 210(a) imposes a civil penalty for violation of Labor Code § 204 of one hundred dollars ($100) for the initial violation for each failure to pay each employee and two hundred dollars ($200) for each subsequent violation, or willful and intentional violation, plus 25 percent of the amount unlawfully withheld.

Due to Defendants not paying all hours and failing to pay missed break premiums as alleged above, Defendants do not pay all wages in a timely manner. In addition, Defendants failed to pay meal and rest break premiums, Defendants failed to pay Claimant all minimum, regular, overtime, and meal and rest period wages due and owing either on the regular paydays or the payday for the next payroll period. Defendants willfully failed to pay all wages when required by § 204 of the Labor Code. Therefore, Defendants owe penalties to all affected employees including Claimant. Claimant will pursue all remedies for Defendants' failure to pay timely wages on behalf of himself and other current and former aggrieved employees, including recovery of wages, attorney's fees, costs, and penalties to the extent allowed by law.

*Canfield v Pacific Office Automation Inc.*
**PAGA Notice**
**Page 12 of 15**

**7.   Defendants failed to provide accurate wage statements and maintain accurate records**. (Labor Code §§ 226(a), 226(e)(l), 226.3, 1174, 1174.5, and the "Records" Section of the applicable IWC Wage Order)

Labor Code § 226(a) states in pertinent part that every employer shall provide an accurate itemized statement in writing with respect to each one of its employees showing: 1) gross wages earned; 2) total hours worked by an employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer...; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Labor Code § 226.3 provides that "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars·($1,000) per employee for each violation in a subsequent citation for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."

In addition, Labor Code § 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and Claimant is entitled to an award of costs and reasonable attorney's fees.

Section (B) of the "Records" provision of the applicable IWC Wage Order states that "Every employer shall semimonthly or at the time of each payment of wages furnish

**EXHIBIT A**

**47**

each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and ( 4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item."

Labor Code § 1174(d) provides that an employer must keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, employees employed at the respective establishments. These records shall be kept on file for not less than three years. Labor Code § 1174.5 provides for a civil penalty of five hundred dollars ($500) for an employer who willfully fails to maintain the records pursuant to Labor Code section l174(d).

Sections (7)(A)( 4) and (5) of the "Records" provision of the applicable IWC Wage Order provides that employers shall keep accurate information with respect to each employee, including total wages paid each payroll period, total hours worked during the payroll period, and applicable rates of pay, as well as time records showing when each employee begins and ends each work period. The time records must also show meal periods, split shift intervals, and total daily hours worked.

Defendants failed to maintain records as set forth in § 1174 of the Labor Code and the "Records" section of the applicable IWC Wage Order including but not limited to, accurately recording applicable rates of pay.

Defendants also failed to provide accurate itemized wage statements as required by Labor Code §226. Due to Defendants not paying for all hours worked and not paying meal and rest period premiums, Defendants do not record proper hours and wages, and do not provide legally compliant wage statements accurately accounting for hours, wages, deductions, etc.

Claimant will seek all available remedies, including PAGA penalties as provided for by California law.

*Canfield v Pacific Office Automation Inc.*
**PAGA Notice**
**Page 14 of 15**

> **8.   Defendants failed to pay all wages due on termination**. (**Labor Code §§ 201, 202, 203, 204, 1198, 2699 et seq., and the "Minimum Wages" Section of the applicable IWC Wage Order**)

Labor Code § 201 states "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

Labor Code § 202 states "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

Labor Code § 203(a) states, in relevant part; "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

Labor Code § 204(a) states in pertinent part "All wages... earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

Labor Code § 210(a) imposes a civil penalty for violation of Labor Code § 204 of one hundred dollars ($100) for the initial violation for each failure to pay each employee and two hundred dollars ($200) for each subsequent violation, plus 25 percent of the amount unlawfully withheld.

The "Minimum Wages" section of the applicable IWC Wage Order provides every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period.

Due to Defendants not paying all hours worked, and all overtime, Defendants did not and do not pay all wages. In addition, Defendants fail to pay meal and rest break premiums. In addition, Defendants failed to pay aggrieved employees all minimum,

**EXHIBIT A**
**49**

***Canfield v Pacific Office Automation Inc.***
**PAGA Notice**
**Page 15 of 15**

regular, overtime, and meal and rest period wages due and owing during and upon termination of employment. Defendants willfully failed to pay all wages when required by §§ 201 and 202 of the Labor Code. Therefore, Defendants owe waiting time penalties to all affected employees.

<u>**CONCLUSION**</u>

The facts and claims contained herein are based on the information available at the time of this writing. If Claimant becomes aware of additional claims, additional compensation owed or other violations to him or any other current and former employee of Defendants, he reserves the right to revise these facts and/or add any new claims by amending this written notice.

If you have any questions or concerns regarding the above, do not hesitate to contact us.

Sincerely,

Ben Travis
Ben Travis Law, APC

Justin Hewgill
HEWGILL, COBB & LOCKARD, APC

cc (by certified mail):

Pacific Office Automation Inc.
14747 NW GREENBRIER PARKWAY
BEAVERTON, OR 97006

ANDREW R SALGADO
Agent for Service of Process
4464 WILLOW ROAD, SUITE 103
PLEASANTON, CA 94588

**EXHIBIT A**

**50**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|

NAME: Justin Hewgill (SBN: 259528)
FIRM NAME: Hewgill, Cobb & Lockard, APC
STREET ADDRESS: 1620 Fifth Ave, Suite 325
CITY: San Diego          STATE: CA     ZIP CODE: 92101
TELEPHONE NO.: (619) 432-2520      FAX NO. :
E-MAIL ADDRESS: contact@hcl-lawfirm.com
ATTORNEY FOR (Name): Shawn Canfield

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS:    330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE:    San Diego 92101
BRANCH NAME:    Central

Plaintiff/Petitioner:  Shawn Canfield
Defendant/Respondent:  Pacific Office Automation, Inc.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>37-2023-00041493-CU-OE-CTL |
|---|---|

TO *(insert name of party being served):* Pacific Office Automation, Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:  October 16, 2023

Justin Hewgill
(TYPE OR PRINT NAME)                                          ▶        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1.  [x]  A copy of the summons and of the complaint.
2.  [x]  Other *(specify):*

    Civil Case Cover Sheet, Notice of Case Assignment, Notice of Confirmation of Filing, Alternative Dispute Resolution (ADR) Information, Stipulation to Use Alternative Dispute Resolution (ADR)

*(To be completed by recipient):*

Date this form is signed:        November 6, 2023

**John LeCrone, Counsel for Pacific Office Automation, Inc.**                     ▶
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,                          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                                ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use              **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**       Code of Civil Procedure,
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**EXHIBIT A**

51

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

JUSTIN HEWGILL 259528
1620 5TH AVENUE, SUITE 325, SAN DIEGO, CA 92101

TELEPHONE NO.: 619 534 6762   FAX NO. (Optional): 619 488 6944
E-MAIL ADDRESS: CONTACT@HCL-LAWFIRM.COM
ATTORNEY FOR (Name): SHAWN CANFIELD

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/25/2023** at 06:43:31 PM

Clerk of the Superior Court
By Katie Winburn, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 WEST BROADWAY,
MAILING ADDRESS:
CITY AND ZIP CODE: SAN DIEGO, CA 92101
BRANCH NAME: CENTRAL DIVISION - HALL OF JUSTICE

CASE NAME:
CANFIELD v PACIFIC OFFICE AUTOMATION

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder | 37-2023-00041493-CU-OE-CTL |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Joel R. Wohlfeil |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): ONE
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: 09/25/2023
JUSTIN HEWGILL
_____   ►   _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical **EXHIBIT A**

**52**

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]   **CIVIL CASE COVER SHEET**   Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**EXHIBIT A**

53

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/28/2023** at 10:48:00 AM

Clerk of the Superior Court
By Gabriel Lopez,Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PACIFIC OFFICE AUTOMATION, INC. an Oregon corporation; and DOES 1 through 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHAWN CANFIELD, an individual on behalf of himself and all other aggrieved employees

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* SUPERIOR COURT FOR SAN DIEGO

 330 W BROADWAY, SAN DIEGO, CA 92101

**CASE NUMBER:**
*(Número del Caso):*
37-2023-00041493-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JUSTIN HEWGILL, 1620 5TH AVENUE, SUITE 325, SAN DIEGO, CA 92101, 619 534 6762

| DATE:<br>*(Fecha)* | 09/29/2023 | Clerk, by<br>*(Secretario)* | G. Lopez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of

*(speci*

3. ☐ on behalf of *(specify):* PACIFIC OFFICE AUTOMATION, INC.

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

**SUMMONS**

Code of C

**EXHIBIT A**

**54**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7073 |

| PLAINTIFF(S) / PETITIONER(S): | Shawn Canfield |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): | Pacific Office Automation Inc |

CANFIELD VS PACIFIC OFFICE AUTOMATION INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: |
|---|---|
| | 37-2023-00041493-CU-OE-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Joel R. Wohlfeil                                    Department: C-73

## COMPLAINT/PETITION FILED: 09/25/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/08/2024 | 02:00 pm | C-73 | Joel R. Wohlfeil |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

SDSC CIV-721 (Rev. 04-21)        **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)**

**EXHIBIT A**

**55**

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

**EXHIBIT A**
**56**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2023-00041493-CU-OE-CTL        CASE TITLE: Canfield vs Pacific Office Automation Inc [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
        (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
        (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), **_and_**
        (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

SDSC CIV-730 (Rev 12-10)    **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

**EXHIBIT A**

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost.*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS: 330 West Broadway

MAILING ADDRESS: 330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827

BRANCH NAME: Central

*FOR COURT USE ONLY*

PLAINTIFF(S): Shawn Canfield

DEFENDANT(S): Pacific Office Automation Inc

SHORT TITLE: CANFIELD VS PACIFIC OFFICE AUTOMATION INC [IMAGED]

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2023-00041493-CU-OE-CTL |
|---|---|

Judge: Joel R. Wohlfeil                                        Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)

☐ Mediation (private)

☐ Voluntary settlement conference (private)

☐ Neutral evaluation (private)

☐ Non-binding private arbitration

☐ Binding private arbitration

☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                     Date: _____

_____                  _____
Name of Plaintiff                                 Name of Defendant

_____                  _____
Signature                                         Signature

_____                  _____
Name of Plaintiff's Attorney                      Name of Defendant's Attorney

_____                  _____
Signature                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 09/26/2023

                                                  _____
                                                  JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**

**EXHIBIT A**
**59**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:   330 W Broadway<br>MAILING ADDRESS:   330 W Broadway<br>CITY AND ZIP CODE:   San Diego CA 92101-3827<br>BRANCH NAME:   Central | |

| Short Title: Canfield vs Pacific Office Automation Inc [IMAGED] | |
|---|---|

| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | CASE NUMBER:<br>37-2023-00041493-CU-OE-CTL |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

**Electronic Filing Summary Data**

| | |
|---|---|
| Electronically Submitted By: | Justin Hewgill |
| On Behalf of: | Shawn Canfield |
| Transaction Number: | 21816539 |
| Court Received Date: | 09/25/2023 |
| Filed Date: | 09/25/2023 |
| Filed Time: | 06:43 PM |
| Fee Amount Assessed: | $435.00 |
| Case Number: | 37-2023-00041493-CU-OE-CTL |
| Case Title: | Canfield vs Pacific Office Automation Inc [IMAGED] |
| Location: | Central |
| Case Type: | Other employment |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| **Status** | **Documents Electronically Filed/Received** |
|---|---|
| Accepted | Complaint |
| Accepted | Civil Case Cover Sheet |

**Comments**

**Clerk's Comments:**
**Events Scheduled**

| Hearing(s) | | Date | Time | Location | Department |
|---|---|---|---|---|---|
| Civil Case Management Conference | | 03/08/2024 | 02:00 PM | Central | C-73 |

**Electronic Filing Service Provider Information**

| | |
|---|---|
| Service Provider: | OneLegal |
| Email: | support@onelegal.com |
| Contact Person: | Customer Support |
| Phone: | (800) 938-8815 |

# EXHIBIT B

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**12/04/2023** at 11:20:00 AM
Clerk of the Superior Court
By Carla Boston,Deputy Clerk

JOHN P. LECRONE (State Bar No. 115875)
    johnlecrone@dwt.com
VANDANA KAPUR (State Bar No. 281773)
    vandanakapur@dwt.com
ARIELLE J. SPINNER (State Bar No. 311147)
    ariellespinner@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
PACIFIC OFFICE AUTOMATION, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| SHAWN CANFIELD, an individual, on behalf of himself and all other aggrieved employees,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC OFFICE AUTOMATION, INC., an Oregon corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 37-2023-00041493-CU-OE-CTL<br><br>**DEFENDANT PACIFIC OFFICE AUTOMATION, INC.'S ANSWER TO PLAINTIFF SHAWN CANFIELD'S REPRESENTATIVE ACTION COMPLAINT UNDER THE PRIVATE ATTORNEYS GENERAL ACT ("PAGA")**<br><br>Assigned to the Joel R. Wohlfeil<br>Dept.:         C-73<br><br><br>Complaint Filed:  September 25, 2023 |

**EXHIBIT B**

Defendant Pacific Office Automation, Inc. ("Defendant"), answering for itself and no others, in response to the unverified Representative Action Complaint under the Private Attorneys General Act ("PAGA") ("Complaint") filed by Plaintiff Shawn Canfield ("Plaintiff"), responds as follows:

### GENERAL DENIAL

1.      Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint and each and every cause of action therein.

2.      Defendant further denies that Plaintiff and/or any alleged aggrieved employees have sustained any injury, damage or loss by reason of any act or omission on the part of Defendant, and specifically denies that Plaintiff and/or any alleged aggrieved employees suffered any of the damages alleged in the Complaint.

3.      Defendant further denies that Plaintiff and/or any allegedly aggrieved employees are entitled to any relief against Defendant on any ground whatsoever, and denies that Plaintiff and/or any alleged aggrieved employees are entitled to damages against Defendant in any amount.

### AFFIRMATIVE AND OTHER DEFENSES

Having fully answered the allegations in the Complaint, Defendant asserts the following additional affirmative and other defenses.  In so doing, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause, or causes, of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      The Complaint, and each and every cause of action therein, is barred by the applicable statute(s) of limitations, including, without limitation, California Code of Civil

DEFENDANT'S ANSWER TO PLAINTIFF'S PAGA ACTION COMPLAINT          **EXHIBIT B**
4856-1020-0724v.2 0060489-000039

Procedure §§ 335.1, 337, 338, 339, and 340, California Civil Code § 52(b)(2), and California

Business and Professions Code § 17208.

### THIRD AFFIRMATIVE DEFENSE

### (Laches/Waiver/Estoppel/Unclean Hands)

3.      The Complaint, and each and every cause of action therein, is barred by the

equitable doctrines of laches, waiver, estoppel, and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

### (Improper Venue)

4.    Pursuant to Code of Civil Procedure section 397(a), this dispute is assigned to an improper

venue.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Fulfill Administrative Prerequisites)

5.      Plaintiff and the alleged aggrieved employees are precluded from asserting some or

all of their claims to the extent that Plaintiff and the alleged aggrieved employees have failed to

satisfy and exhaust the administrative prerequisites for bringing such claims.

### SIXTH AFFIRMATIVE DEFENSE

### (Consent/Ratification)

6.      Plaintiff and the alleged aggrieved employees are barred from recovery under the

Complaint, in whole or in part, in that if any of the allegations in the Complaint occurred, which

Defendant denies, then each and every cause of action alleged against Defendant therein is barred

because Plaintiff and the alleged aggrieved employees consented to, ratified, acquiesced in and/or

approved all the acts and omissions about which Plaintiff and the /alleged aggrieved employees

now complain.

### SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith/Business Judgment)

7.      The Complaint, and each and every cause of action therein, is barred because the

acts or omissions of Defendant at all times relevant were in good faith, in the exercise of its

**EXHIBIT B**

**64**

reasonable business judgment, for good cause, and for legitimate business purposes and/or necessity, and therefore, privileged.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Intent)**

8.    The Complaint, and each and every cause of action therein, is barred because Defendant did not act with the requisite degree of intent or fault.

**NINTH AFFIRMATIVE DEFENSE**

**(Fault of Plaintiff, the Aggrieved Employees, and/or Third Parties)**

9.    If Plaintiff and the alleged aggrieved employees sustained any damages, which Defendant denies, such damages were proximately caused or contributed to, in whole or in part, by the acts, omissions, culpable conduct, lack of due diligence, negligence, misconduct, and/or bad faith of Plaintiff, the alleged aggrieved employees, and/or third parties, or Plaintiff, the alleged aggrieved employees, and/or third parties otherwise were at fault.  Plaintiff and the alleged aggrieved employees are therefore not entitled to any relief under the Complaint or under any cause of action purported to be alleged against Defendant, or recovery, if any, should thereby be reduced in proportion to such fault.

**TENTH AFFIRMATIVE DEFENSE**

**(Conduct Not Ratified)**

10.    If any of the alleged wrongful acts in the Complaint were committed by Defendant's employees or by third parties not employed by Defendant, although such is not herein or hereby admitted and is specifically denied, then such actions were committed outside the scope of employment, and/or such conduct was unknown to, and not ratified by, Defendant, and thus Defendant is not liable for them.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Penalties)**

11.    The Complaint, and each and every cause of action therein, is barred in whole or in part, on the grounds that Plaintiff and the alleged aggrieved employees are not entitled to general and other penalties under the California Labor Code, including, but not limited to, waiting time

DEFENDANT'S ANSWER TO PLAINTIFF'S PAGA ACTION COMPLAINT
4856-1020-0724v.2 0060489-000039

**EXHIBIT B**

penalties under California Labor Code § 203.  With respect to waiting time penalties under California Labor Code § 203, Plaintiff and former alleged aggrieved employees were paid all wages owed at termination, and regardless, any alleged failure to pay all wages due at termination was not willful and/or there existed a good faith dispute as to the amount of compensation owed, if any, at the time of termination.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

12.     The Complaint, and each and every cause of action therein, is barred in whole or in part, on the grounds that Plaintiff and the alleged aggrieved employees do not have a private right of action under applicable sections of the California Labor Code, and penalties other than waiting-time penalties are only available in an action brought by an official of the Labor Department or other government agency.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not "Hours Worked")

13.     Plaintiff and the alleged aggrieved employees are barred from recovery under the Complaint to the extent that they did not actually work the hours alleged or to the extent the alleged work activities described in the Complaint are not compensable and/or are excluded from measured working time.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Meal Periods—Waiver)

14.     The Complaint is barred to the extent that Plaintiff and the aggrieved employees agreed to waive their rights to any meal periods they allegedly missed.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Rest Periods—Waiver)

15.     The Complaint is barred to the extent that Plaintiff and the aggrieved employees agreed to waive their rights to any rest periods they allegedly missed.

**EXHIBIT B**

**66**

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Meal and Rest Periods—Voluntary Act)**

16.     The Complaint is barred on the grounds that Plaintiff and the alleged aggrieved employees voluntarily chose not to take the meal and rest periods provided to them.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Meal Periods Provided)**

17.     The Complaint is barred on the grounds that Plaintiff and the alleged aggrieved employees were provided with all legally required meal periods.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Rest Periods Authorized and Permitted)**

18.     The Complaint is barred on the grounds that Plaintiff and the alleged aggrieved employees were authorized and permitted to take all legally-required rest periods.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Unknowing or Unintentional Conduct)**

19.     To the extent Plaintiff and the alleged aggrieved employees have been damaged in any way under the Complaint, which Defendant denies, such damage was not the result of Defendant's knowing and intentional conduct.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Failure to Comply With Labor Code § 2699.3, subd. (a)(1))**

20.     Plaintiff did not comply with Plaintiff's obligation under California Labor Code § 2699.3, subd. (a)(1), which requires Plaintiff to provide the employer with written notice by certified mail of the specific provision of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation, prior to filing a civil action pursuant to Labor Code §§ 2699 and 2699.5.  Therefore, Plaintiff may not recover any statutory penalties.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Release of Claims)**

21.     The Complaint is barred in whole or in part to the extent that Plaintiff and/or the alleged aggrieved employees voluntarily released and waived claims against Defendant.

DEFENDANT'S ANSWER TO PLAINTIFF'S PAGA ACTION COMPLAINT
4856-1020-0724v.2 0060489-000039

**EXHIBIT B**

**67**

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Improper Underlying Violations)

22.     This action improperly seeks to obtain Private Attorney General Act of 2004 ("PAGA") penalties based on notice requirements and/or other statutes and/or wage orders in which it cannot use as the basis for a recovery under PAGA.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Inadequate Representative)

23.     This action is not properly maintainable as a class action because Plaintiff's claims or defenses are unique to Plaintiff and/or Plaintiff is not capable of adequately representing the alleged aggrieved employees.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unjust Penalties)

24.     Any award of civil penalties that otherwise could be made under PAGA must not be made, or at worst, must be made in a lesser amount, because they are unjust, arbitrary, capricious, and confiscatory pursuant to California Labor Code § 2699(e)(2).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Not An Aggrieved Employee)

25.     Plaintiff lacks standing to bring claims for any civil penalties on behalf of others to the extent he is not an "aggrieved employee," pursuant to the PAGA.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (PAGA Action Unmanageable)

26.     Plaintiff's claim for civil penalties is barred because Plaintiff's claims and those of other allegedly aggrieved employees could not be manageably tried together in a single trial consistent with due process.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (PAGA Violates Due Process/No Recovery)

27.     The Complaint, and the recovery of statutory and civil penalties, is barred because the PAGA violates substantive and procedural due process protections provided by the

DEFENDANT'S ANSWER TO PLAINTIFF'S PAGA ACTION COMPLAINT
4856-1020-0724v.2 0060489-000039

**EXHIBIT B**

68

Constitutions of the United States and the State of California by, inter alia, imposing quasi-criminal liability without appropriate constitutional protections and imposing penalties/fines disproportionate to the harm alleged.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (PAGA Violates California's Separation of Powers)

28.    The Complaint, and each and every cause of action alleged against Defendant, is barred because the PAGA violates California's Separation of Powers Doctrine.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

29.    The Complaint is barred because the PAGA violates the prohibition on excessive fines and penalties provided by the Eighth Amendment of the Constitution of the United States and the Constitution of State of California.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Monetary Damages Not Available)

30.    To the extent Plaintiff seeks to obtain monetary damages, including attorney fees, the claim is barred in its entirety by applicable statutes, including PAGA, and other legal authority.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Setoff and Recoupment/Unjust Enrichment)

31.    If any damages have been sustained by Plaintiff and/or the alleged aggrieved employees, which is denied, Defendant is entitled to offset and recoup any overpayment of wages already paid.  To the extent Plaintiff and/or the alleged aggrieved employees were overpaid wages, Defendant may be entitled to an offset or recoupment of such wages when damages are assessed, as they are not entitled to be unjustly enriched.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

32.    Defendant is entitled to recover all costs and attorneys' fees incurred herein, pursuant to, by way of example and not of limitation, California Labor Code § 218.5.

DEFENDANT'S ANSWER TO PLAINTIFF'S PAGA ACTION COMPLAINT
4856-1020-0724v.2 0060489-000039

**EXHIBIT B**

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Proximate Causation)

33.      Any injuries or damages allegedly suffered by Plaintiff or the alleged aggrieved employees were not proximately caused by any acts or omissions of Defendant.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

34.      Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that it would be appropriate.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff takes nothing by way of the Complaint;

2.      That the Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3.      That Defendant be awarded its costs of suit;

4.      That Defendant be awarded attorneys' fees pursuant to statute and/or contract; and

5.      For such other and further relief as the Court deems just and proper.

DATED: December 4, 2023

DAVIS WRIGHT TREMAINE LLP
JOHN P. LECRONE
VANDANA KAPUR
ARIELLE J. SPINNER

By: _____
              John P. LeCrone

Attorneys for Defendant
PACIFIC OFFICE AUTOMATION, INC.

**EXHIBIT B**

**70**

**PROOF OF SERVICE**
*Canfield v. Pacific Office Automation, Inc.*
San Diego County Superior Court Case No. 37-2023-00041493-CU-OE-CTL
DWT C/M # 0060489.000039

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine, LLP, 865South Figueroa Street, Suite 2400, Los Angeles, California 90017-2566.

On December 4, 2023, I served the following document(s): **DEFENDANT PACIFIC OFFICE AUTOMATION, INC.'S ANSWER TO PLAINTIFF SHAWN CANFIELD'S REPRESENTATIVE ACTION COMPLAINT UNDER THE PRIVATE ATTORNEYS GENERAL ACT ("PAGA")** as follows:

**SEE ATTACHED SERVICE LIST**

☒ (**VIA U.S. MAIL**) - I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

☒ (**VIA ELECTRONIC MAIL**) – On December 4, 2023 I electronically served a true and correct copy by e-mail from electronic e-mail address: *robmendoza@dwt.com* on the email addresses of the interested parties in this action as noted on the attached Service List.

☐ (VIA OVERNIGHT DELIVERY) and by sealing the envelope and placing it for collection and delivery by [OVERNIGHT SERVICE] with delivery fees paid or provided for in accordance with ordinary business practices.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed on December 4, 2023, at Los Angeles, California.

Robert Mendoza
Print Name                                    Signature

DEFENDANT'S ANSWER TO PLAINTIFF'S PAGA ACTION COMPLAINT                **EXHIBIT B**
4856-1020-0724v.2 0060489-000039

**SERVICE LIST**

*Canfield v. Pacific Office Automation, Inc.*
San Diego County Superior Court Case No. 37-2023-00041493-CU-OE-CTL
DWT C/M # 0060489.000039

Justin Hewgill, Esq.                                    *Attorneys for Plaintiff,*
HEWGILL COBB & LOCKARD, APC                             **SHAWN CANFIELD**
1620 5th Avenue, Suite 325
San Diego, CA 92101
(619) 432-2520 (Phone)
(619) 377-6026 (Fax)
Email: contact@hcl-lawfirm.com

Ben Travis, Esq.                                        *Attorneys for Plaintiff,*
BEN TRAVIS LAW, APC                                     **SHAWN CANFIELD**
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
(619) 353-7966 (Phone)
Email: ben@bentravislaw.com

DEFENDANT'S ANSWER TO PLAINTIFF'S PAGA ACTION COMPLAINT    **EXHIBIT B**
4856-1020-0724v.2 0060489-000039